1
2
3
4
5
6
7

8

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

9

| | |
|---|---|
| In re | Case No. 22-11456-MLB |
| RACHAEL WRIGHT, | UNITED STATES TRUSTEE'S LIMITED RESPONSE TO MOTION TO CONVERT CHAPTER 13 CASE TO A CHAPTER 7 CASE |
| Debtor. | |

Acting United States Trustee for Region 18, Gregory M. Garvin ("U.S. Trustee"), hereby responds to the *Motion to Convert Chapter 13 Case to a Chapter 7 Case* (dkt. # 35, the "Motion") filed by the Chapter 13 Trustee. The U.S. Trustee agrees with the Chapter 13 Trustee's basis for bringing the Motion but disagrees with the relief requested. If the Court finds that "cause" has been established (based on unreasonable delay prejudicial to creditors, failure to make plan payments, the Court's prior denial of plan confirmation, or other grounds) such that the Court may either convert or dismiss the case, the U.S. Trustee asks that the Court dismiss this case rather than re-convert it back to chapter 7. Conversion is not in the best interests of creditors and the estate because the case would be subject to dismissal for abuse in chapter 7.

This case was initially filed as a chapter 7. Both the Debtor and the U.S. Trustee agree that the case was presumed abusive under 11 U.S.C. § 707(b)(2) (albeit they reached the same conclusion in different ways). In the U.S. Trustee's assessment, this case was also an abuse of chapter 7 based on the totality of the Debtor's financial circumstances under § 707(b)(3)(B),

U.S. TRUSTEE'S LIMITED RESPONSE TO MOTION
TO CONVERT - Page 1

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

primarily because the Debtor claimed excessive expenses, the appropriate reduction of which would result in monthly net income on Schedule J of $817. (Dkt. # 14-1, *Gustafson Declaration*, Ex. B.) The U.S. Trustee filed a motion to dismiss this case for abuse because his time to do so would have expired while the Debtor's motion to convert to chapter 13 was still pending. (*See* Dkt. # 12, *Motion to Convert*, set for hearing on 12/7/22 and Dkt. # 14, *Motion to Dismiss* filed 11/25/22; 11 U.S.C. § 704(b)(2).) After the case was converted to chapter 13, and as a precaution if the Debtor did not achieve plan confirmation and her case was re-converted, the U.S. Trustee negotiated an agreed order with the Debtor, denying the dismissal motion, under which deadlines for objecting to the discharge or moving to dismiss this case will be reset in the event of re-conversion to chapter 7. (Dkt. # 30.)

If the case is re-converted back to chapter 7, it will still be presumed abusive. The statutory look-back period for calculating "current monthly income" and the allowable expenses on the means test will not have changed, and thus, neither will the "presumed abuse" outcome on the means test. 11 U.S.C. §§ 101(10A), 707(b)(2)(A)(ii)–(iv). This case will also still likely present a case for abuse under the totality of the Debtor's financial circumstances and possibly for bad faith as well. 11 U.S.C. § 707(b)(3). The U.S. Trustee submits, therefore, that re-conversion is likely to be a time-consuming weigh-station before an ultimate dismissal of an abusive case, and will not result in a chapter 7 distribution to creditors. If the Debtor is still unable to achieve confirmation of her most recent amended plan, dismissal instead conversion would be in the best interest of creditors and the estate.

Dated this 1st day of March, 2023.

GREGORY M. GARVIN
Acting United States Trustee for Region 18

/s/ Hilary Bramwell Mohr
Hilary Bramwell Mohr, WSBA # 40005
Attorney for United States Trustee

U.S. TRUSTEE'S LIMITED RESPONSE TO MOTION
TO CONVERT - Page 2

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 22-11456-MLB    Doc 56    Filed 03/01/23    Ent. 03/01/23 14:03:33    Pg. 2 of 2